

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

August 17, 2020

**Via ECF**
The Honorable Judge Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: **Padilla v. 27 Dressings Hewlett, Inc., et al.**
          **20-CV-455 (SJF)(AYS)**

Dear Judge Feuerstein:

    Our office represents the Plaintiff in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their in-person settlement conference on August 3, 2020.

**Settlement Terms**

    The parties reached a settlement to resolve all claims asserted in this matter for $22,500.00, including attorneys' fees (which are addressed below). The parties participated in and reached this settlement after approximately three hours of protracted arms-length negotiations.

**Plaintiff's Position**

    Plaintiff Elbin Alexander Padilla ("Plaintiff") alleged that he was a former cook and kitchen worker for 27 Dressings Hewlett Inc., 27 Dressings Inc., Allen Nathan, Leenor Nathan, and Michael Sheena (collectively, "Defendants") at Defendants' restaurant, located at 1270 West Broadway, Hewlett, New York 11557. Plaintiff brought this action alleging that he was not paid proper overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL").

    Plaintiff alleged that he was employed by Defendants from in or around July 2017 until in or around November 2019 and during his employment, he regularly worked fifty-seven (57) hours per week. However, Plaintiff alleged that he was paid a flat weekly salary that did not account for his seventeen hours of overtime per week. Plaintiff also alleged that he was entitled to statutory penalties under NYLL for wage statement and wage notice violations.

Although Plaintiff was confident that he could succeed on all of his claims at trial, his preference was a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiff considered the defenses raised by Defendants below, Defendants' financial situation, including the fact that the restaurant was now closed, and the timing of a payment in the near future as opposed to the uncertainty of a trial at a much later date.

**Defendants' Position**

The respective Defendants, collectively, and in response to Plaintiff's allegations, asserted that Plaintiff worked significantly less overtime hours than claimed, and was compensated for performing other duties. Notwithstanding however, the business ceased operations in or about February 2020, has since given up its lease and permanently closed, and that this caused its principals financial losses negatively impacting their ability to pay Plaintiff even if he were to prevail at trial.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $22,500.00 in one installment fourteen days from court approval of the Agreement. The parties believe that this amount is reasonable in light of Plaintiff's claims and the defenses maintained by Defendants.

Plaintiff will recover $14,320.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with his retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $1,021.00, for identifiable expenses, which include the Eastern District of New York filing fee ($400.00) and the costs of serving Defendants through their process server, Anke Judicial Services, Inc. ($621.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $8,180.00.

**Settlement Amount:** $22,500.00
**Attorneys' Expenses:** $1,021.00
**Settlement less Expenses:** $21,479.00
**Requested Attorneys' Fees:** $7,160.00 ($21,479.00 / 3)
**Total payable to Attorneys:** $8,180.00 ($7,160.00 + $1,021.00)
**Total payable to Plaintiff:** $14,320.00.

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims

stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, the Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement.

In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

Respectfully submitted,

/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
*Attorneys for Plaintiff*